**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4192

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES E. HENLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CR-03-226)

Submitted:  August 20, 2004          Decided:  August 31, 2004

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carolyn V. Grady, CAROLYN V. GRADY, P.C., Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Elizabeth C. Wu, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles E. Henley appeals from the judgment of the district court convicting him of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (2000), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000). Henley claims that the court erred in denying his motion to suppress. Finding no error, we affirm.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Henley first claims that the district court erred in concluding that his encounter with Officer Christopher Gleason of the Richmond Police Department did not amount to an illegal seizure in violation of the Fourth Amendment. Our review of the record supports the district court's conclusion. During the entire encounter, the officers never impeded Henley's movement, threatened him, or subjected him to any other kind of coercion. In fact, at least one other individual walked away from the officer despite the

officer's request to speak with him.  Therefore, the district court correctly determined that no seizure occurred because, under the totality of the circumstances, a reasonable person would believe that he was free to leave the encounter.  See Florida v. Bostick, 501 U.S. 429, 436-37 (1991).

Next, Henley argues that his consent to search was not voluntary but the product of police coercion.  Our review of the record supports the district court's conclusion.  No credible evidence was introduced at the suppression hearing that suggested that the officers used coercive tactics to gain Henley's consent. In fact, Henley complied to Officer Gleason's request without protest and did not hesitate to proceed with the search.  The district court did not clearly err in finding that Henley's consent to search was voluntary under the totality of the circumstances. See Schneckloth v. Bustamonte, 412 U.S. 218, 223 (1973); Bumper v. North Carolina, 391 U.S. 543, 548 (1968); United States v. Analla, 975 F.2d 119, 125 (4th Cir. 1992); United States v. Gordon, 895 F.2d 932, 938 (4th Cir. 1990).

Accordingly, we find that the district court did not clearly err in denying Henley's motion to suppress.  See Ornelas, 517 U.S. at 699.  We affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED